**Robert G. WRIGHT, Jr., Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**No. CV 05–1223–RGK(JTLx).**

United States District Court, C.D. California.

June 10, 2005.

---

Paul J. Orfanedes, Judicial Watch Inc., Washington, DC, Sterling E. Norris, Judicial Watch Inc., San Marino, CA, for Plaintiff.

Alonzo B. Wickers, IV, John D. Kostrey, Susan E. Seager, Davis Wright Tremaine, Los Angeles, CA, for Movant.

## ORDER RE PLAINTIFF'S MOTION TO COMPEL NON–PARTY JOURNALIST JAMES CROGAN TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS

(Civil Action No.: 03C-5876 United States District Court, Northern District of Illinois, Judge Charles R. Norgle)

LUM, United States Magistrate Judge.

On April 12, 2005, the Court heard argument on plaintiff's Motion to Compel Non–Party Journalist James Crogan to Testify at Deposition and Produce Documents, which the parties filed on February 17, 2005. Thereafter, the Court took the matter under submission. Upon review of the pleadings filed in this matter and the argument presented by counsel, the Court rules as follows:

On August 21, 2003, plaintiff filed an action in the United States District Court, Northern District of Illinois, entitled *Wright v. FBI, et al.,* No. 03C–5776. In that action, plaintiff alleges that the Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") violated his rights under the Privacy Act, 5 U.S.C. § 552a (2000). The action is premised upon a claim that FBI Special Agent (SA) Royden Rice disclosed information about plaintiff that was protected under the Privacy Act to journalist James Crogan, a freelance journalist. Plaintiff claims that Crogan then had a conversation with plaintiff and his attorney, Douglas Schippers, and discussed with them the confidential information that SA Rice had disclosed to Crogan.

Plaintiff now seeks information from Crogan, who is not a party to this action, by taking his deposition and requesting documents regarding his contacts with SA Rice. Crogan objected to the deposition subpoena and request for documents and informed plaintiff that he would refuse to answer any questions regarding his conversations with SA Rice, Schippers, or plaintiff, and that he would assert the journalist's qualified First Amendment privilege. Crogan also objected to plaintiff's request for documents, asserting that the documents were protected by the qualified privilege. (Joint Stip. at 3–4).

■ A qualified privilege exists for journalists that protects them against compelled disclosure of information gathered in the course of their work. *Shoen v. Shoen,* 5 F.3d 1289, 1292 n. 5 (9th Cir. 1993) *("Schoen I").* "Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest 'of sufficient social importance to justify some incidental sacrifice of sources of facts needed

in the administration of justice.' " *Shoen,* 5 F.3d at 1292. In *Shoen v. Shoen,* 48 F.3d 412, 416 (9th Cir.1995) *("Schoen II"),* the Ninth Circuit clarified the test for determining whether a civil litigant's interest in disclosure was sufficient to override a journalist's privilege. The Court noted that the test it adopted must ensure that compelled disclosure was the exception, not the rule. *Id.* at 415. The Court reasoned that frequent court-compelled disclosures could encourage destruction of research materials soon after publication. *Id.* Moreover, "in the ordinary case the civil litigant's interest in disclosure should yield to the journalist's privilege. Indeed, if the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished." *Id.* (quoting *Zerilli v. Smith,* 656 F.2d 705, 712 (D.C.Cir.1981)). The Court then held that a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. Furthermore, there must be a showing of actual relevance; a showing of potential relevance was not sufficient. *Id.* at 416.

■ In this case, the first two elements of the test set forth in *Schoen II* have been satisfied. Plaintiff has already taken the depositions of SA Rice, Schippers, and plaintiff. Second, an issue exists as to what SA Rice specifically told Crogan during their conversations. Thus, Crogan's testimony, and the information sought by the document requests, would not be cumulative. The third factor that plaintiff must address is whether the information sought is clearly relevant to an important issue in the case. It is here that the court must closely examine the arguments raised

by both parties. Plaintiff contends that the information SA Rice disclosed to Crogan pertains to a major issue in the case and, therefore, Crogan's testimony is clearly relevant. On the other hand, Crogan argues that the information is not protected under the Privacy Act, which is the crux of plaintiff's action, because plaintiff, himself, disclosed the information earlier and it was already in the public domain.

■ Information that is already made public is not protected by the Privacy Act. *See Barry v. U.S. Department of Justice,* 63 F.Supp.2d 25, 28 (D.C.Cir.1999) (plaintiff had no protectable privacy interest in a report posted on the Internet because it had already been released to the media); *Ash v. United States,* 608 F.2d 178, 179 (5th Cir.1979) (disclosure of information in proceeding that was open to Navy personnel was in that sense public and was not a "disclosure" under the Privacy Act). *Cf. Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 494–495, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) ("even the prevailing law of invasion of privacy generally recognizes that the interests in privacy fade when the information involved already appears on the public record").

■ The Complaint filed in this action alleges that defendants violated plaintiff's rights under the Privacy Act, 5 U.S.C. § 552a. (*See* Complaint, Exh. D to Joint Stip.). As set forth in the Complaint, the Privacy Act allegations revolve primarily around the claim that SA Rice disclosed information pertaining to plaintiff's involvement in Internal Affairs ("IA") investigations and an investigation being conducted of the Office of Professional Responsibility ("OPR"). (*See* Complaint at ¶s 9, 11, 19, and 20). A violation under the Privacy Act requires the following: (1) the agency "disclosed" information; (2) the information "disclosed" a "record" contained within a "system of records;" (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful and intentional. 5 U.S.C. § 552a.

Plaintiff also alleges that in addition to the information protected by the Privacy Act, SA Rice made other statements of fact that he knew were misleading or blatantly false. (*See* Complaint at ¶s 11–15). In the Joint Stipulation, plaintiff contends that SA Rice disclosed the following information to Schippers: (1) plaintiff had been involved in ten internal affairs investigations, indicating he had a poor record as an agent; (2) there were a number of agents in plaintiff's squad who could provide adverse information about plaintiff; and SA Rice would recommend that Crogan be permitted to interview these agents; (3) plaintiff currently was under internal investigation by the FBI; (4) plaintiff maintained a side business and operated a website as part of that side business; and (5) the United States Attorney in Chicago closed criminal and civil cases against a terrorist suspect because plaintiff had not produced sufficient evidence to support any charges.

More specifically, however, plaintiff has testified in his deposition that the following four items form the basis of his Privacy Act claim: (1) a 1999 investigation by the FBI's Office of Equal Employment Opportunity Affairs ("EEO") in response to another agent's racial discrimination complaint; (2) a 1999 investigation by OPR concerning a sexual harassment complaint made against him by SA Karen Medernach; (3) the June 2003 investigation by OPR relating to an unauthorized press conference that plaintiff held on June 2, 2003; and (4) plaintiff's website called "Little Bobby Creations" relating to plaintiff's business of selling baby furniture. (Exh. D at 211:7–212:5 to Joint Stip.). Thus, it appears that the Privacy Act

claim, which is the sole claim in the Complaint, revolves around these four claims only.

 Yet information regarding these topics had already been placed in the public domain by plaintiff himself, through press conferences or on his own website, and, in the case of the sexual harassment complaint, as a result of a publicly filed lawsuit. (*See* Joint Stip. at 6–7). The fact that the information that forms the crux of plaintiff's Privacy Act claims was already in the public domain undermines plaintiff's claim. Thus, plaintiff's argument that the information is crucial to establishing his claim is not persuasive.[1] Moreover, the facts in this case do not involve public information that could have only been found in isolated public records. *See Barry,* 63 F.Supp.2d at 28 (distinguishing cases involving information that may have been "public" but that could be found only in isolated public records and finding that "[t]here was nothing isolated or obscure about the [ ] in this case").

Finally, upon balancing plaintiff's request against the strong policy considerations in favor of upholding the journalist's privilege, *see, e.g., Zerilli,* 656 F.2d at 712,

this Court cannot find that plaintiff has met his burden in establishing the clear and actual relevance of the information sought to the claims. Accordingly, plaintiff's Motion to Compel is DENIED without prejudice.[2]

---

1. Plaintiff filed a Second Supplemental Memorandum in which he referred to two cases, *Quinn v. Stone,* 978 F.2d 126, 134 (3d Cir. 1992) and *Gowan v. U.S. Dep't of the Air Force,* 148 F.3d 1182, 1193 (10th Cir.1998)(relying upon *Quinn*) in support of his argument that information disclosed as a matter of public record is not a defense to a Privacy Act violation. The court in *Quinn* found that making available information which is readily accessible to members of the public is a disclosure under the Privacy Act. *Quinn,* 978 F.2d at 134. Notwithstanding this, both *Quinn* and *Gowan* are distinguishable. Neither case involved a situation where the complaining plaintiff was responsible for putting forth the information in the public domain. Here, plaintiff issued press releases, held press conferences, and established a website discussing the information of which

he now complains. Furthermore, the court in *Quinn* observed that several courts have held that there is no violation under Section 552a if each individual member of the public is presumed to know the information at issue. *Id.* at 135 (court found that one cannot presume that the public knows of addresses and telephone numbers of all persons listed in a local telephone book). In this case, the public domain into which the subject information was presented was far more reaching (i.e., through a press release, a press conference, and the Internet).

2. Because plaintiff's Privacy Act claim may evolve in the future as a result of additional discovery or pre-trial motions and rulings, this Court's Order is without prejudice to plaintiff renewing his discovery request in the future.